(Pleito No. 225.—Fallado el 22 de Noviembre de 1902.)

## ORTIZ contra VÉLEZ.

RECURSO contra sentencia dictada por la Corte de Distrito de Mayagüez.

RECURSOS. Para que sea procedente el recurso de casación por infracción de ley, fundado en error de hecho en la apreciación de las pruebas, es requisito indispensable que el error cometido por la Sala sentenciadora resulte de documentos ó actos auténticos, que demuestren la equivocación evidente del juzgador.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y dos de Noviembre de mil novecientos dos, en los autos del pleito seguido en el Tribunal del Distrito de Mayagüez por Don Benito Ortiz y Don Félix y Doña María Anastasia Carbonell contra la sucesión de Don Antonio Vélez Cuevas, sobre reclamación de terrenos, pendientes ante Nos á virtud de recurso de casación por infracción de ley interpuesto por los demandantes, cuya representación y defensa ante este Tribunal Supremo ha llevado el Abogado Don Antonio Alvarez Nava, no habiendo comparecido la parte recurrida.—Resultando: Que en doce de Diciembre de mil novecientos, el Abogado Don Antonio Manrique de Lara, á voz y nombre de Don Benito Ortiz y de Don Félix y Doña María Anastasia Carbonell, interpuso en el Tribunal de Distrito de

Mayagüez la demanda origen de este pleito contra la sucesión de Don Antonio Vélez, compuesta de sus legítimos hijos Don Gumersindo, Doña Ramona, Don Santiago, Don Juan Antonio y Don Avelino Vélez Irizarry, para que se declarara de su propiedad una finca rústica compuesta de treinta y cinco cuerdas de terreno, radicada en el barrio de "Leguísamo", del término municipal de Mayagüez, que poseían indebidamente los demandados y se les condenara á la devolución de dicha finca, con los frutos producidos en la última cosecha, declarándose además nulo y de ningún valor el expediente posesorio instruído por el difunto Don Antonio Vélez y su inscripción en el Registro de la Propiedad, con las costas á los demandados; alegando en apoyo de su demanda, que su difunta madre Doña Teresa Irizarry, en su primer matrimonio con Don Marcelo Ortiz, había tenido por sus hijos al demandante Don Benito, Doña Cayetana, Don Faustino y Don Juan Francisco, de los cuales fallecieron los tres últimos, dejando por sucesores la Doña Cayetana, en el matrimonio que llevó con Don Blas Carbonell, á sus hijos Don Félix y Doña María Anastasia; que habiendo fallecido el Don Faustino sin sucesión, antes que su madre Doña Teresa, y sin otorgar disposición testamentaria, le había sucedido aquella señora en todos sus derechos y obligaciones, siendo declarada como su única y universal heredera *ab intestato*, según resultaba de la certificación que acompañaba; que posteriormente Doña Teresa había contraído segundo matrimonio con Don Antonio Vélez, en el que había procreado á Don Gumersindo, Don Santiago, Don Juan Antonio, Don Avelino y Doña Ramona, casada ésta con Don Basilio Miranda; que al fallecimiento de Don Marcelino Ortiz, primer esposo de la Doña Teresa, se procedió al arreglo de su testamentaría, dividiéndose los bienes que había dejado entre sus legítimos hijos y herederos, por cuyo concepto correspondió y le fueron adjudicadas al Don Faustino, entre otros bienes, treinta y cinco cuerdas de terreno, radicadas en el barrio de "Leguísamo",

comprendidas entre las distintas porciones que se determi-
nan en la hijuela que se le formara y que en copia se
acompañaba igualmente; que el Sr. Vélez, segundo esposo
de la Doña Teresa Irizarry, había adquirido una porción de
terreno de cinco cuerdas, contiguas á las treinta y cinco que
había heredado Doña Teresa de su hijo, instruyendo un
expediente posesorio de las cuarenta cuerdas, á su nombre,
inscribiéndolas en el Registro de la Propiedad; que Doña
Teresa Irizarry falleció bajo el testamento que se acompa-
ñaba, instituyendo por sus únicos y universales herederos á
sus ya citados hijos de ambos matrimonios; que al falleci-
miento de Doña Teresa los demandantes Don Benito Ortiz
y Don Félix y Doña María Anastasia Carbonell habían
reclamado de los hijos del segundo matrimonio la inmediata
entrega de las treinta y cinco cuerdas que les pertenecían
como hijos del primer matrimonio de Doña Teresa Irizarry
con Don Marcelino Ortiz, por el carácter de bienes reserva-
bles que para los hijos de dicho primer matrimonio les daba
la ley, á lo que se habían negado aquéllos, atribuyéndose un
derecho de propiedad que no les correspondía sobre dicha
finca, y aprovechándose de la cosecha de café del mismo
año, cuyo producto estimaban los demandantes en mil
dollars.—Resultando: Del testamento de Doña Teresa Iri-
zarry que se acompañó con la demanda y fué otorgado ante
el Notario de la Ciudad de Mayagüez Don Juan Zacarías
Rodríguez, en quince de Setiembre de mil ochocientos
noventa y ocho, que en su cláusula primera declara que fué
casada en primeras nupcias con Don Marcelino Ortiz, de
cuyo matrimonio había tenido cuatro hijos nombrados Be-
nito, Cayetana, Juan Francisco y Faustino, estos dos últimos
difuntos sin dejar descendientes de ninguna clase, y Caye-
tana difunta también, dejando dos hijos nombrados Félix y
María Anastasia, mayores de edad; en la segunda cláusula,
que durante su estado de viudedad había tenido otro hijo
natural que se llamaba Ricardo, que vivía en el barrio de
"Río-cañas arriba", el que reconocía como tal hijo suyo

para que gozara de los derechos y beneficios que las leyes concedían á los de su clase; por la tercera, que posteriormente había contraído matrimonio con Don Antonio Vélez, ya difunto, con el que había procreado seis hijos nombrados Ramona, Nicomedes, Avelino, Juan Antonio, Gumersindo y Santiago, todos mayores de edad, habiendo muerto Nicomedes, que casó con Don Eugenio Aldea, no dejando hijos; por la cuarta, que muerto su primer esposo, sus hijos le heredaron en sus bienes privativos, y de Faustino que había heredado treinta y cinco cuerdas de terreno, procedía la estancia en que vivía la testadora, con su casa de habitación, pues habiendo muerto sin sucesión, le heredó como madre en todos sus bienes, describiendo dichas treinta y cinco cuerdas de terreno y consignando que radicaban en el barrio de "Leguísamo", del término municipal de Mayagüez; por la quinta y sexta, que durante su último matrimonio, su marido Don Antonio Vélez había comprado otras cinco cuerdas de terreno, colindando al sur con las otras treinta y cinco cuerdas y que por falta de conocimientos jurídicos las había unido, formando una sola finca de cuarenta cuerdas, instruyendo de ellas un expediente posesorio, en el que había hecho constar que dichas cuarenta cuerdas le pertenecían por compra á la misma Doña Teresa Irizarry; pero como esto no era así, sino como la misma testadora lo había explicado, quería que sus hijos lo tuvieran en cuenta, para que por los medios del caso, de común acuerdo, y ya que todos eran mayores de edad, gestionaran la cancelación de dicha inscripción, á fin de dividir la herencia, bajo la inteligencia de que las treinta y cinco cuerdas le habían pertenecido á ella privativamente y las otras cinco eran las que pertenecían á la sociedad de gananciales de su segundo matrimonio; por la décima legó el remanente del tercio de libre disposición y todo el tercio destinado á mejoras, á sus hijos Ramona, Avelino, Gumersindo, Santiago y Manuel Antonio, conocido familiarmente por Juan Vélez, queriendo que en pago de ese legado y mejora,

que á todos los cinco hacía por iguales partes, se adjudicara á Ramona, Gumersindo y Santiago la casa que vivía la testadora con todo su mobiliario y tres cuerdas de terreno al rededor de dicha casa; instituyendo por la cláusula undécima en el remanente de todos sus bienes, derechos y acciones, por sus únicos y· universales herederos á su hijo de su primer matrimonio Benito Ortiz, á sus nietos Félix y Anastasia Carbonell, á los hijos de sus segundas nupcias Ramona, Avelino, Gumersindo, Santiago· y Manuel Antonio, conocido familiarmente por Juan, y además á la parte que le correspondía á su hijo natural Ricardo, conocido por Ricardo Cuevas.—Resultando: De la hijuela formada á Don Faustino Ortiz, en la testamentaría de su difunto padre Don Marcelino, que fué aprobada por auto del Juzgado de 1ª Instancia de Mayagüez, de ocho de Julio de mil ochocientos cincuenta y siete, y que se acompañó también con la demanda, y obra al folio 7 de estos autos, que correspondieron al Don Faustino, por su legítima paterna seiscientos doce pesos, sesenta y ocho centavos, y se le adjudicaron en pago, entre otros bienes, diferentes cantidades en el valor proindiviso de distintas porciones de terreno, que no se describen, ni se determina el lugar de su radicación respectiva.—Resultando: De la certificación expedida por el Secretario del Tribunál del Distrito de Mayagüez, que se presentó también con la demanda y obra á fojas 10 de estos autos, que promovidas por Don Benito Ortiz, diligencias para la declaratoria de herederos de Don Faustino Ortiz, muerto sin hijos, en estado de soltería y sin haber otorgado disposición testamentaria, por auto de treinta y uno de Octubre de mil novecientos fué declarada heredera del Don Faustino su legítima madre Doña Teresa Irizarry.—Resultando: Que conferido traslado de la demanda á la sucesión demandada, lo evacuó por conducto de su Abogado defensor, Don Luis Méndez Vas, oponiéndose y alegando á su vez en apoyo de su negativa, que no era cierto que al Don Faustino Ortiz se le adjudicara, en la testamentaría de su

padre Don Marcelino, una finca de treinta y cinco cuerdas de terreno en el barrio de Leguísamo, como se establecía en la demanda; que Don Antonio Vélez, antes de contraer matrimonio con Doña Teresa Irizarry, y de tener ésta el hijo natural que tuvo, adquirió de ella, por compra, una finca, no de treinta y cinco cuerdas sino de cuarenta, las cuales inscribió como suyas en el Registro de la Propiedad de Mayagüez; que las enajenaciones hechas por el viudo ó viuda, antes de contraer segundas nupcias, de bienes que pudieran tener la calidad de reservables, son válidas y eficaces, y si se casa después, vendrá obligado á reservar el precio, pero no la misma cosa vendida; é invocando las disposiciones legales que estimó del caso, concluyó pidiendo se absolviera de la demanda á la sucesión demandada, con las costas á los demandantes.—Resultando: Que recibido el pleito á pruebas y admitidas las propuestas por ambas partes, se trajo, á solicitud de la actora y obra á folio 53 de estos autos, una certificación literal librada por el Registrador de la Propiedad de Mayagüez, de la inscripción de una finca rústica de cuarenta cuerdas de extensión superficial, radicada en el barrio de "Leguísamo," del término municipal de aquella Ciudad, á favor de Don Antonio Vélez Cuevas, que la inscribió en cinco de Enero de mil ochocientos noventa y tres á virtud de un posesorio que promovió y fué aprobado por auto del Juez de 1ª Instancia de dicha Ciudad, de veinte de Septiembre del año anterior, y en el cual declararon dos testigos, propietarios y vecinos de la localidad : que Vélez había obtenido dicha finca por título de compra de Doña Teresa Irizarry, hacía el espacio de treinta y cinco años, desde cuya fecha venía poseyéndola á título de dueño; y que habiendo fallecido el Don Antonio Vélez, había sido inscrita proindiviso á favor de sus herederos Don Gumersindo, Don Andrés Avelino, Don Manuel Antonio, Don Miguel Santiago y Doña Ramona de los Dolores Vélez é Irizarry, los cuales la habían hipotecado por escritura de veinte y cuatro de Enero de mil novecientos, también inscrita en el Registro de

la Propiedad, á favor de Don Silverio Ramos, por la suma de
mil quinientos pesos, oro americano, y por quinientos dollars
más para gastos y costas, caso de reclamación judicial;
resultando también de la certificación librada por el Secre-
tario del Tribunal del Distrito de Mayagüez, traída á soli-
citud de los demandados, que por auto de doce de Febrero
de mil novecientos, dictado por el Tribunal de Distrito en el
intestado de Don Antonio Vélez Cuevas, fueron declarados
por sus herederos y de su hermana Doña Nicomedes Vélez
Irizarry sus legítimos hijos, habidos en su matrimonio con
Doña Teresa Irizarry, los ya nombrados Don Gumersindo,
Don Andrés Avelino, Don Manuel Antonio, Don Miguel
Santiago y Doña Ramona de los Dolores Vélez é Irizarry;
y de la certificación librada por el Alcalde Municipal de
Mayagüez, que obra al folio 64, que en los repartos de la
riqueza agrícola de aquel municipio correspondientes á los
años mil ochocientos ochenta y ocho al mil ochocientos
noventa y ocho, ambos inclusive, figuraban Don Antonio
Vélez y después sus sucesores, á título de dueños, pagando
las contribuciones que se les habían impuesto, por una finca
rústica, radicada en el barrio de "Leguísamo," que en los
últimos años figuraba como de cuarenta cuerdas de terreno;
y que ni Don Faustino Ortiz ni Doña Teresa Irizarry figu-
raban pagando contribución alguna por ninguna finca rústica
en el citado barrio.—Resultando: Que en el acto del juicio
oral declararon los testigos de la prueba del demandante,
Don Ricardo Rivera López, Anacleto Pérez y Ramón
Gordillo, que conocieron á Faustino Ortiz, quien heredó de
su padre Don Marcelino, treinta y cinco cuerdas de terreno en
el barrio de "Leguísamo", cuyas colindancias determinaron;
que al fallecimiento de Faustino lo heredó su madre Doña
Teresa Irizarry, la que casó en segundas nupcias con Antonio
Vélez, quién compró cinco cuerdas de terreno y las unió á
las treinta y cinco, formando una sola finca de cuarenta
cuerdas, inscribiéndola mediante un informativo posesorio, y
la vienen poseyendo, según el testigo Rivera, la misma Doña

Teresa en unión de Belén Irizarry, y según los otros dos testigos, los hijos de Don Antonio Cuevas; declarando también los testigos de la prueba de los demandados: Valeriano Vicenty Ramos, que conocía una finca que poseía Antonio Vélez desde el año mil ochocientos ochenta y ocho, como dueño, y nunca había visto ni había sabido que dicha finca la poseyera Faustino Ortiz, á quien no conoció, y que ignoraba si Vélez hubiera promovido algún expediente posesorio de cuarenta cuerdas; Ricardo Cuevas, que era hermano de las dos partes, que sabía que Antonio Vélez tenía una finca en el barrio de "Leguísamo", la cual venía poseyendo hacía como treinta años; que no sabía ni había oído decir que esa finca la hubiera poseído nunca Faustino Ortíz, á quien conoció, y no sabe si éste heredó de su padre ni lo ha oído decir; que las cuarenta cuerdas eran de Vélez, ignorando de donde las había adquirido; y José Ignacio Rivera, que conocía á Antonio Vélez, el que tenía una finca en el barrio de "Leguísamo", y la poseía desde el año mil ochocientos ochenta y cuatro en que lo conoció en ella, y que nunca había oído decir que dicha finca fuera de Faustino Ortiz, ni de Teresa Irizarry.—Resultando: Que terminado el juicio oral, dictó sentencia el Tribunal del Distrito de Mayagüez en veinte y siete de Agosto del año próximo pasado, absolviendo á los demandados de la demanda, con reserva de las acciones personales que les correspondan, para que las deduzcan contra quienes vieran convenirles, sin especial condenación de costas; contra cuya sentencia interpuso la representación de los demandantes recurso de casación por infracción de ley, como comprendido en los números 1 y 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como fundamentos del recurso los siguientes:—1º El haberse infringido en la sentencia, por su no aplicación, los artículos 968 y 969 del Código Civil, puesto que no estima como bienes que tienen el carácter de reservables, los que el viudo ó viuda que pase á segundo matrimonio, adquiera ó haya adquirido de cualquiera de los hijos del primero, sin

necesidad, para que tengan dicho carácter, de su inscripción como tales en el Registro de la Propiedad, la cual sólo tiene por objeto asegurar dichos bienes en perjuicio de tercero; siendo la aludida reserva á favor de los hijos y descendientes del primer matrimonio;—2.º La infracción por aplicación indebida y errónea de los artículos 190 de la Ley Hipotecaria y 205 de su Reglamento, por considerar en la sentencia recurrida, que según ellos, para que los bienes que el viudo ó la viuda, que pase á segundas nupcias, adquiera de cualquiera de los hijos de su matrimonio, tengan el carácter de reservables, es necesaria su inscripción por medio de nota marginal, siendo así que recta y legalmente interpretados, el primero sólo indica el procedimiento que ha de seguirse para obtener hipoteca legal en los casos que prescribe el artículo 978 del Código Civil, y el segundo, el modo de hacer constar la calidad de reservables para asegurarlos en perjuicio de tercero;—Y 3.º Por haberse cometido error de hecho en la apreciación de la prueba, puesto que del testamento de Doña Teresa Irizarry y Dorrego, que obra al folio 1 de los autos, de la certificación expedida por el Secretario de la Corte de Mayagüez, que figura al folio 7, de la que obra al folio 10 y de las que existen á los folios 43 y 53, resulta plenamente justificado el fallecimiento de Doña Teresa Irizarry, la existencia de hijos de su primer matrimonio con Don Marcelino Ortiz, el carácter con que litigan los demandantes, que la citada Doña Teresa heredó de su finado hijo Don Faustino Ortiz, los bienes que á éste le pertenecieron por herencia de su padre Don Marcelino, que entre otros bienes se le adjudicó por tal concepto, en distintas porciones, una finca de treinta y cinco cuerdas, sita en el barrio de "Leguísamo", de la jurisdicción de Mayagüez, con los linderos que se expresan en la demanda y que dichas treinta y cinco cuerdas son las mismas comprendidas en el expediente posesorio instruído por Don Antonio Vélez, segundo esposo de la Irizarry, cuando ya había contraído matrimonio con ésta, y que luego se inscribieron á favor de

los demandados en el Registro, y que las referidas treinta y cinco cuerdas son también las mismas reclamadas en la demanda, como bienes reservables; y al no estimar el Tribunal sentenciador justificados esos hechos, que resultan de los documentos citados, los cuales tienen el carácter de auténticos y que han sido corroborados con la declaración de tres testigos contestes, ha incurrido, según se ha manifestado, en verdadero error de hecho en la apreciación de la prueba.— Visto: Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando: Que para que sea procedente el recurso de casación por infracción de ley, fundado en error de hecho en la apreciación de las pruebas, es requisito indispensable, con arreglo al número 7 del artículo 1,690 de la Ley de Enjuiciamiento Civil, que el error cometido por la Sala sentenciadora resulte de documentos ó actos auténticos, que demuestren la equivocación evidente del Juzgador.— Considerando: Que en el presente caso, si bien los documentos que se citan como comprobantes del error que se supone cometido por la Sala sentenciadora, son auténticos, en la acepción legal de la palabra, no acreditan, del modo evidente que la Ley requiere, el error en que haya incurrido el Tribunal sentenciador, al declarar que no se ha probado por los demandantes la calidad de reservables de los terrenos reclamados, como heredados por Doña Teresa Irizarry de su hijo Don Faustino Ortiz, que es la base fundamental de la demanda, toda vez que las certificaciones de fojas 10, 43 y 53, que se citan como fundamentos del recurso, sólo prueban que Doña Teresa Irizarry fué declarada heredera *ab intestato* de su citado hijo Don Faustino; que igual declaratoria obtuvieron los demandados Don Gumersindo, Don Juan Antonio, Don Avelino, Don Santiago y Doña Ramona Vélez, respecto de su padre Don Antonio y que á favor de éstos aparece inscrita la finca de que se trata en el Registro de la Propiedad de Mayagüez á virtud de un informativo posesorio promovido por el padre de los demandados, en el que hizo constar que hubo las tierras en cuestión por compra á Doña Teresa

Irizarry, hacía más de treinta años; pero en manera alguna resulta de dichos documentos que esas tierras hubieran sido de la propiedad de Don Faustino Ortiz, y que á su muerte hubieran pasado por herencia intestada á su madre Doña Teresa Irizarry, pues de la certificación del folio siete de los autos, que también se cita, lo que resulta es que en parte de pago de su legítima paterna le fueron adjudicadas al Don Faustino diversas cantidades en el valor *proindiviso* de varias porciones de terreno, que no se ha probado fueran las mismas que se reclaman á la sucesión demandada; y en cuanto al testamento de Doña Teresa Irizarry, que obra al folio 1, si bien declara en él esta señora que había heredado de su hijo Don Faustino treinta y cinco cuerdas de terreno con su casa de habitación, que por su radicación y colindancias parecen ser las mismas que se reclaman y posee la sucesión de Don Antonio Vélez, ningún error ha cometido la Sala sentenciadora al no estimar las declaraciones que contiene ese testamento como prueba suficiente de la identidad de los terrenos de que se trata, toda vez que esas declaraciones no hacen prueba en perjuicio de tercero, por más que hayan sido confirmadas por las declaraciones de dos ó tres testigos que el Tribunal ha desestimado en uso de su facultad discrecional, y cuya apreciación tampoco ha sido impugnada en la forma que la ley requiere.—Considerando: Por tanto, que al declararse sin lugar la demanda por no haberse probado, á juicio de la Sala sentenciadora, cuya apreciación es irrevocable en el presente caso, la cualidad de reservables de los terrenos que se reclaman, no se han infringido, antes al contrario se han interpretado rectamente, los artículos 968 y 969 del Código Civil, que definen el verdadero concepto de los bienes reservables, ni los artículos 190 de la Ley Hipotecaria y 205 del Reglamento de la misma, que se citan en el segundo motivo y que determinan los requisitos que han de cumplirse en el Registro de la Propiedad para que puedan reclamarse dichos bienes con aquel carácter en perjuicio de tercero.—Fallamos: Que debemos declarar y

declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Benito Ortiz y Don Félix y Doña María Anastasia Carbonell, á quienes condenamos en las costas; y con devolución de los autos originales comuníquese esta resolución al Tribunal de Distrito de Mayagüez, á los efectos procedentes.—Así, por esta nuestra sentencia, que se publicará en la Colección de Sentencias de este Tribunal Supremo, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—Jose Mª Figueras. —Louis Sulzbacher.—J. H. McLeary.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Presidente del Tribunal Supremo Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á veinte y dos de Noviembre de mil novecientos dos.— Antonio F. Castro, *Secretario.*